1 **WO**

2

3

4

5

6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE DISTRICT OF ARIZONA**

8

| | |
|---|---|
| Juan Ortiz, | No. CV-17-00325-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Fluor Enterprises Incorporated, et al., | |
| Defendants. | |

Pending before the Court are Defendants AZZ Inc.'s ("AZZ") and Atkinson Industries, Inc.'s ("Atkinson") Motion to Dismiss Plaintiff's Second Amended Complaint for Wrongful Death (Doc. 116) and Motion to Dismiss Cross-Claim by Jacobs Field Services Americas, Inc. f/k/a Aker Kvaerner Industrial Contractors, Inc. (Doc. 112) and Joint Defendants' Motion to Dismiss Complaint for Failure to Comply with A.R.S. § 12-2602 (Doc. 130). All the motions have been fully briefed and are ripe for the Court's consideration. (Docs. 118, 119, 123, 124, 132, 134.) Based on the following reasoning, the Motion to Dismiss Plaintiff's Second Amended Complaint for Wrongful Death (Doc. 116) will be denied, and the Motion to Dismiss Cross-Claim by Jacobs Field Services Americas, Inc. f/k/a Aker Kvaerner Industrial Contractors, Inc. (Doc. 112) will be granted, in part, and denied, in part, and the Motion to Dismiss Complaint for Failure to Comply with A.R.S. § 12-2602 (Doc. 130) will be granted, in part, and denied, in part.

**Procedural History**

On April 5, 2017, Plaintiffs filed a complaint in the Arizona Superior Court in Pima County for the wrongful death of Bryan Ortiz. (Doc. 1–3.) On July 11, 2017, Defendant Aker Solutions Inc. removed this matter to this Court. (Doc. 1.) On April 5, 2018, Plaintiffs filed the First Amended Complaint. (Doc. 49.) Among other changes, the First Amended Complaint added AZZ as a defendant. (Doc. 49.) On April 27, 2018, AZZ represented to the Court that they had no involvement in this matter, but instead the correct party was their subsidiary, Atkinson, (Doc. 58). This motion was later withdrawn after a stipulation by the parties (Doc. 66). On May 7, 2018, the parties filed a stipulation that Plaintiffs would disclose expert affidavits in compliance with A.R.S. § 12-2602(b) by June 22, 2018. (Doc. 67.) The Court granted the parties' stipulation. (Doc. 69.) On June 22, 2018, Plaintiffs served a preliminary expert opinion affidavit to Defendants. (Doc. 93.) Plaintiffs later served an amended expert affidavit. On June 22, 2018, Plaintiffs filed the Second Amended Complaint, which added Atkinson as a defendant. (Doc. 92.) The Second Amended Complaint alleges that AZZ and Atkinson both engineered, designed, and constructed the solution extraction and electrowinning substations. *Id*. at 3. Further, Plaintiffs allege that the design and construction of the electrowinning substation was faulty, which caused the death of Bryan Ortiz. *Id*. at 7–8. Aker Kvaerner filed an answer and cross-claim against AZZ, Atkinson, and Defendant Beta Engineering L.L.C. ("Beta"), alleging a right of indemnity against the cross-defendants. (Doc. 98).

**Legal Standard**

*Failure to State a claim*

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not required, a pleading must provide more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." *Id*.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Merely being consistent with liability is insufficient. *Id*.

The Court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

A party shall not be given leave to amend if amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

***Indemnification***

Arizona law states that common law indemnification requires that "the indemnity plaintiff must show, first, it has discharged a legal obligation owed to a third party; second, the indemnity defendant was also liable to the third party; and third, as between itself and the defendant, the obligation should have been discharged by the [indemnity] defendant." *MT Builders, L.L.C. v. Fisher Roofing, Inc.*, 197 P.3d 758, 764 n. 2 (Ariz. Ct. App. 2008); *see KnightBrook Ins. v. Payless Car Rental Sys. Inc.*, 409 P.3d 293, 295 (Ariz. 2018). Common law indemnity will only be provided to those who were only passively or secondarily negligent. *Evans Withycombe, Inc. v. Western Innovations, Inc.*, 159 P.3d 547, 551 (Ariz. Ct. App. 2006). The right to indemnity accrues not based on what a plaintiff has alleged, but instead once liability for a cause of action is established; "the indemnitee is not required to make actual payment." *INA, Ins. Co. of North America v. Valley Forge Ins.*, 722 P.2d 975, 980 (Ariz. Ct. App. 1986). These claims may be brought before they fully accrue as cross-claims or third-party claims. Fed. R. Civ. P. 13, 14; 16 Ariz. R. Civ. P. 13, 14; 1 THE LAW OF NEGLIGENCE IN ARIZONA § 15.04[5] (2018).

A party may be vicariously liable for an independent contractor when "the employer delegates performance of a special duty to an independent contractor and the latter is negligent." *Wiggs v. City of Phoenix*, 10 P.3d 625, 627 (Ariz. 2000) (en banc) (quoting *Ft. Lowell-NSS Ltd. P'ship v. Kelly*, 800 P.2d 962, 967 (Ariz. 1990) (en banc)). This special duty is often referred to as a non-delegable duty. *See id*. at 626–27.

"In Arizona, a common-law indemnity claim may be asserted by a contractor against its subcontractors." *Evans Withycombe, Inc.*, 159 P.3d at 553.

### A.R.S. § 12-2602

Section 12-2602 of the Arizona Revised Statutes protects licensed professionals from frivolous lawsuits. *Bertleson v. Sacks Tierney, P.A.*, 60 P.3d 703, 707 (Ariz. Ct. App. 2002). It requires claimants bringing a claim against a "licensed professional," as defined by Section 12-2601(3) of the Arizona Revised Statutes to: certify if "expert opinion testimony is necessary to prove the licensed professional's standard of care or liability for the claim," and if expert opinion testimony is needed, the claimant must provide a preliminary expert opinion affidavit containing the following information: "1. The expert's qualifications to express an opinion on the licensed professional's standard of care or liability for the claim. 2. The factual basis for each claim against a licensed professional. 3. The licensed professional's acts, errors or omissions that the expert considers to be a violation of the applicable standard of care resulting in liability. 4. The manner in which the licensed professional's acts, errors or omissions caused or contributed to the damages or other relief sought by the claimant." A.R.S. 12-2602(A, B). If the claimant fails to provide a preliminary expert opinion after the claimant has certified that expert testimony is necessary or after the court has ordered the claimant to file a preliminary expert affidavit then the court "shall dismiss the claim against the licensed professional without prejudice" A.R.S. § 12-2602(E).

"The court may extend the time for compliance with this section on application and good cause shown or by stipulation of the parties to the claim." A.R.S. § 12-2602(C).

## Discussion

### *Motion to Dismiss Complaint for Failure to State a Claim*

Plaintiffs allege sufficient facts, when taken as true, to state a plausible claim. First, Plaintiffs allege that AZZ and Atkinson undertook the task of engineering, designing, and constructing the relevant facilities at the mine. (Doc. 92 at 3.) This undertaking would clearly place a duty on them to conduct this task in a safe manner. Plaintiffs allege that the walkways were not safe and that there were serious breaches on the Defendants' duty and that those breaches caused the death of Bryan Ortiz. *Id*. at 7–8. The Plaintiffs sufficiently gave notice of a plausible claim for wrongful death.

Atkinson further argues that the claim should be dismissed as untimely. (Doc. 116 at 11.) The parties agree that the applicable statute of limitations is A.R.S. § 12-542, which states that claims for wrongful death shall be initiated within two years. (Doc. 116 at 4; *see* Doc. 118 at 5–6.) This means that the statute of limitations in this case expired on April 10, 2018. The Plaintiffs assert that Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure permits the amendment to "relate back" to the previous pleading. (Doc. 118 at 5–6.) AZZ and Atkinson argue that Rule 15 does not allow for relation back for two reasons: first, that Rule 15 does not apply when a party is added and not "changed," and second, Plaintiffs have failed to show that the decision to not initially include Atkinson was a mistake. (Doc. 116 at 11.)

In *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498 (9th Cir. 1994), the plaintiff did not include Pan Ocean in a complaint filed three days before the expiration of the limitations period. *Id*. at 1500. The plaintiff did include Panobulk, which was Pan Ocean's claims agent. *Id*. at 1503. They shared an attorney who defended against the plaintiff's claims in the lawsuit. *Id*. In response to plaintiff's motion for summary judgment, Panobulk asserted that Pan Ocean was the correct party. *Id*. at 1500. The plaintiff moved to add Pan Ocean pursuant to 15(c), well after the statute of limitations had expired. *Id*. The district court allowed the additional defendant and relation back pursuant to Rule 15(c). *Id*. Pan Ocean appealed to the Ninth Circuit. *Id*. The notice

requirement was satisfied by serving Panobulk because there was "sufficient community of interest" between the two parties. *Id.* at 1502–03. The mistake was evident by the complaint erroneously asserting Panobulk's relationship to the incident in question, that the mistake was not pointed out to the plaintiff, and additionally, plaintiff's counsel filed an affidavit. *Id.* at 1503–04. The Ninth Circuit affirmed the motion to add Pan Ocean and relate the amendment back to the original complaint. *Id.* at 1504.

Adding a party is implicated by Rule 15(c); Rule 15 does not require a change in the party or party name as suggested by Atkinson. *See id.* at 1500. The Court believes that Plaintiffs mistakenly omitted Atkinson because of a misunderstanding in the relationship between AZZ and Atkinson. This belief is confirmed as when Plaintiffs were informed of the mistake, they took efforts to correct it and amended the complaint to include Atkinson in the litigation. (Doc. 92.) Finally, Atkinson does not assert that they did not receive notice of the claims (Doc. 123 at 7) and the close relationship between AZZ and Atkinson means that when Atkinson received notice when AZZ received notice, *see Pan Ocean Shipping Co.*, 23 F.3d at 1503–04. The Second Amended Complaint relates back to the First Amended Complaint, filed prior to the expiration of the statute of limitations period.

Therefore, AZZ's and Atkinson's motion to dismiss for failure to state a claim (Doc. 116) shall be denied.[1]

AZZ and Atkinson have requested oral argument. (Doc. 116.) The Court finds that oral argument would not aide the Court in its decision. The request for oral argument is denied.

***Motion to Dismiss Cross-Claims***

Cross-Claimant's cross-claim is conclusory and contains some scrivener's errors.

---

[1] The Court did not consider the attachments to AZZ's and Atkinson's motion to dismiss for failure to state a claim (Doc. 116-1). The Court believes that it could consider such a public record, as its reliability has yet to be questioned by either party. (See Doc. 116, Doc. 118.) However, AZZ and Atkinson only included this item to argue that Plaintiffs should not be allowed to amend. (Doc. 123 at 4–5.) As the Court does not need to determine if leave to amend is appropriate, the document is irrelevant to the Court's determinations.

First, it appears that Cross-Claimant states that the Cross-Defendants have an obligation to defend the Cross-Claimant,[2] but in the cause of action and the request for relief never request that the Cross-Defendants defend them. In the Response to the Motion to Dismiss, Cross-Claimant does not provide a legal basis as to why the Cross-Defendants have a duty to provide a defense for the Cross-Clamant. *See INA, Ins. Co. of North America v. Valley Forge Ins.*, 722 P.2d 975, 982 (Ariz. Ct. App. 1986) ("The duty to defend, however, is not the same as the duty to indemnify.") Therefore, to the extent that the cross-claim is requesting that the Cross-Defendants defend the Cross-Claimant, it is dismissed.

The Cross-Claimant is entitled the cause of action as "Common Law/Implied Indemnity," which the Cross-Claimant later states should have read "Common Law Indemnity & Contribution." (Doc. 119 at 7.) This creates confusion as to the origin of Cross-Claimant's allegations against the Cross-Defendants.

Once the conclusory statements are removed from the cross-complaint, the relevant facts left are that Cross-Defendants performed work for the Cross-Claimant at the mine where Bryan Ortiz died. (Doc. 98.) The Court is able to understand that Cross-Claimant is being sued for wrongful death and that the Cross-Defendants, if they were independent contractors, owed Cross-Claimant a duty to perform their work up to particular standards. This is insufficient to state a claim for indemnity. The Cross-Claimant must include allegations sufficient for the Court to understand that the Cross-Claimant was not primarily negligent and that the delegated duty was a special or non-delegable duty. The Cross-Claimant should also include sufficient facts to conclude that the Cross-Defendants were in fact independent contractors. However, the Court is not convinced that amendment would be futile and will allow amendment. Therefore, the cross-claim by Aker Kvaerner will be dismissed with leave to amend as to AZZ and

---

[2] This confusion is increased in paragraph 8 of the cross-claim, which reads that "Cross-Defendant tenders the defense and requests indemnification from each Cross-Defendant." The Court believes that this sentence should have read "Cross-Claimant tenders the defense and requests indemnification from each Cross-Defendant."

1 Atkinson.

2 AZZ and Atkinson requested attorneys' fees pursuant to A.R.S. § 12-341.01. First, AZZ and Atkinson were not completely successful. Second, this award is within the Court's discretion. The Court denies this request.

AZZ and Atkinson have requested oral argument. (Doc. 112.) The Court finds that oral argument would not aide the Court in its decision. The request for oral argument is denied.

***Motion to Dismiss Complaint Due to A.R.S. § 12-2602***

As a preliminary matter, Plaintiffs assert that Defendants Fluor and Aker Kvaerner have agreed to "drop out of the motion." (Doc. 132 at 2.) Defendants Fluor and Aker Kvaerner have not contradicted that assertion and the time to do so has passed. Therefore, as to Defendants Fluor and Aker Kvaerner the Motion to Dismiss Complaint due to A.R.S. § 12-2602 is denied as moot.

As to AZZ and Atkinson, Plaintiffs argue that they are not "licensed professionals" as defined by A.R.S. § 12-2601(3). Neither AZZ nor Atkinson has presented any contradictory evidence or assertions. Therefore, AZZ and Atkinson have waived any argument that they are licensed professionals as defined by A.R.S. § 12-2601(3). *See United States v. Scott*, 705 F.3d 410, 415 (9th Cir. 2012); *Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010). Arizona Revised Statutes Section 12-2602 only protects "licensed professionals" as defined by A.R.S. § 12-2601(3). *See Macy's. Inc. v. H & M Constr. Co.*, No. CV-17-009900-PHX-SPL, 2018 WL 1586752, at *3 (D. Ariz. Mar. 31, 2018); *Bertleson v. Sacks Tierney, P.S.*, 60 P.3d 703, 704 n.1 (Ariz. Ct. App. 2002). Therefore, as to AZZ and Atkinson the Motion to Dismiss Complaint due to A.R.S. § 12-2602 is denied.

As to Beta, the preliminary expert affidavits have been insufficient. (*See* Docs. 132-2, 132-3.) They have failed to provide Beta's acts, errors, or omissions that violated the applicable standard of care, Beta's standard of care or liability for the claim, or the way in which Beta's actions caused the injury in this case. *Id*. Plaintiffs in this matter

have not complied with or moved to extend the deadline for compliance with Section 12-2602 of Arizona Revised Statutes set by this Court after a stipulation by the parties.

Because there has been no motion to continue the deadline or actual compliance with the deadline, the Motion to Dismiss Complaint due to A.R.S. § 12-2602 is granted as to Beta and Beta is dismissed from the Second Amended Complaint.

Defendants have requested oral argument. (Doc. 130.) The Court finds that oral argument would not aide the Court in its decision. The request for oral argument is denied.

**Conclusion**

Based on the above reasoning,

IT IS ORDERED that AZZ's and Atkinson's Motion to Dismiss Plaintiff's Second Amended Complaint for Wrongful Death (Doc. 116) is denied.

IT IS FURTHER ORDERED that AZZ's and Atkinson's Motion to Dismiss Cross-Claim by Jacobs Field Services Americas, Inc. f/k/a Aker Kvaerner Industrial Contractors, Inc. (Doc. 112) is granted, in part, and denied, in part. Aker's cross-claim is dismissed with leave to amend as to AZZ and Atkinson. AZZ's and Atkinson's request for attorneys' fees (Doc. 112) is denied.

IT IS FURTHER ORDERED that the Joint Defendants' Motion to Dismiss Complaint for Failure to Comply with A.R.S. § 12-2602 (Doc. 130) is denied, as to Defendants Fluor, Aker Kvaerner, AZZ, and Atkinson, and granted, as to Defendant Beta.

IT IS FURTHER ORDERED that the claims against Defendant Beta in the Second Amended Complaint are dismissed without prejudice.

Dated this 30th day of November, 2018.

Honorable James A. Soto
United States District Judge